*565 OPINION OF THE COURT
Michael L. Weisberg, J.
This is a holdover summary eviction proceeding premised on allegations that respondent is not using the rent-controlled apartment as his primary residence and that he is subletting or has assigned his tenancy without the permission of petitioner. Petitioner has moved for leave to conduct discovery and for relief regarding the payment of use and occupancy. Respondent has cross-moved for summary judgment dismissing the petition on various grounds, including the sufficiency of the predicate notice. The motions are consolidated herein for disposition.
The question before the court is whether an allegation that the respondent resides at a specified alternate address, in the absence of any facts in support of that claim or any other case-specific allegations, is sufficient to terminate a rent regulated tenancy based on a claim of nonprimary residence. As discussed below, a predicate notice that simply alleges the existence of an alternate address but does not specify that address is insufficient. In contrast, a notice is sufficient when it specifies an alternate address and alleges facts that support the claim that the tenant resides at that address. But the appellate courts have not addressed whether a notice that specifies an alternate address without additional facts is sufficient.
In general, a predicate notice alleging nonprimary residence in a rent-controlled dwelling must state “the facts necessary to establish the existence of such ground” (9 NYCRR 2204.3 [b]; London Terrace Gardens, L.P. v Heller, 40 Misc 3d 135[A], 2009 NY Slip Op 52858 [U] [App Term, 1st Dept 2009]; see also Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991], affd 78 NY2d 1098 [1991] [same, but for a rent-stabilized tenancy]). Generic and conclusory boilerplate allegations, such as that building personnel have not seen the tenant and that the tenant has not spent 183 days in the past year residing in the apartment, do not meet the requirements of a satisfactory notice (see London Terrace Gardens, L.P., 2009 NY Slip Op 52858[U]). Instead, a satisfactory notice must include “case-specific allegations” that support a claim of nonprimary residence (see e.g. Second 82nd Corp. v Veiders, 34 Misc 3d 130[A], 2011 NY Slip Op 52311[U], *1 [App Term, 1st Dept 2011]).
Applying this standard, the Appellate Term, First Department, upheld the sufficiency of a predicate notice that alleged a *566 specific address at which the tenant was supposedly residing and that identified a specific residential telephone number in the tenant’s name at that address (along with other case-specific allegations) (Second 82nd Corp., 2011 NY Slip Op 52311 [U]). The court also held that a predicate notice was adequate where it specified two alternate residences and “identified] various utility, telephone, and automobile-related documents issued to [the] tenant listing those addresses” (449 Second Corp. v Napoli, 12 Misc 3d 135[A], 2006 NY Slip Op 51225[U], *1 [App Term, 1st Dept 2006]). The Appellate Term, Second Department, ruled similarly where the notice included allegations of the tenant’s “representations on government forms and to credit card companies that she primarily resided at an address in Connecticut” (Brooklyn Law School v Clark-Koss, 21 Misc 3d 143[A], 2008 NY Slip Op 52454[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
But a notice that alleged only that the tenant is “living at another [unspecified] location . . . without setting forth any case-specific allegations” did not meet the requirements of the regulation and resulted in dismissal of the petition (Mak v Yun Pan Lee, 12 Misc 3d 142[A], 2006 NY Slip Op 51408[U], *1 [App Term, 1st Dept 2006] [internal quotation marks omitted]).
The notice herein contains an allegation more case-specific than the one in Mak, because it provides an actual address in Old Bridge, New Jersey at which petitioner alleges respondent lives. But it falls short when compared to the notices in Second 82nd Corp., 449 Second Corp., and Brooklyn Law School, because it does not contain any of the types of allegations present in those cases that would provide some factual support to petitioner’s claim that respondent resides at the Old Bridge address. The remaining allegations contained in petitioner’s notice (that respondent does not occupy the apartment, that he is not seen by petitioner or its agents at the apartment, and that he allows his brother to occupy the apartment) are precisely the type of generic and conclusory allegations that have been held inadequate by the Appellate Term (London Terrace Gardens, L.P., 2009 NY Slip Op 52858[U]).
Petitioner’s notice should “meaningfully apprise [ ] tenant of the factual underpinnings” of its claim (see Second 82nd Corp., 2011 NY Slip Op 52311 [U], *1). The problems with a notice that does not do so become evident if one imagines that the landlord’s hypothesized alternate address is incorrect, whether because the occupant thereof has the same name as the tenant *567 or some other reason. If the notice merely alleges an alternate address then the tenant is in little better position to respond than he would be to a notice that alleges an unspecified alternate address, as in Mak. That is, it leaves the tenant in a position to deny the alternate residence but little else, other than hopelessly wonder from where the landlord could have obtained its information.
In contrast, where the notice includes facts that establish the basis for the allegation of an alternate address, the tenant can meaningfully evaluate the claim and respond. Whether it is a telephone number in the tenant’s name, other utility records, automobile related documentation, or some other basis, that type of information enables the tenant to undertake the same type of investigation that the landlord did to yield the information in the first place. The tenant can then adequately defend against the allegations.
To be sure, a petitioner is not required to “lay bare its proof” in its predicate notice. And the respondent in a case based on nonprimary residence surely knows whether or not he is utilizing his apartment as his primary residence and is better equipped to defend against the allegations than a tenant facing a claim based on owner use. But the Appellate Term has clearly stated that “[t]his circumstance . . . should not serve to trump the express terms of the notice regulation” (London Terrace Gardens, L.P., 2009 NY Slip Op 52858[U], *2). Additionally, the notice requirements of section 2204.3 are “salutary” in their purpose, which is to “discourage baseless eviction claims founded upon speculation and surmise, rather than concrete facts” (id. at *1). Upholding the sufficiency of a notice that merely pleads an alternate address without supporting facts would risk undermining that purpose by encouraging such claims.
Accordingly, and as the allegations of illegal sublet are similarly unparticularized and generic (i.e., “you are not seen at the subject premises by the landlord or its agents;” “the apartment is currently occupied by your brother”), it is ordered that respondent is granted summary judgment and the petition is dismissed. Petitioner’s motion is denied as moot.